UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF SADGER,

          Plaintiff,

v.

COMISSIONER OF SOCIAL
SECURITY,

          Defendant.
                           /

Case No. 2:20-cv-11900

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERULING OBJECTIONS [18]; ADOPTING
REPORT AND RECOMMENDATION [17]; DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13]; AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]**

      The Commissioner of the Social Security Administration ("SSA") denied the application of Plaintiff Jeff Sadger for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 11, PgID 51–61. Plaintiff then requested that the SSA Appeals Council review the decision. *Id*. at 36. The SSA Appeals Council declined to do so. *Id*. at 36–38. And Plaintiff appealed. ECF 1.

      The Court referred the matter to Magistrate Judge R. Steven Whalen. ECF 3. The matter was later assigned to Magistrate Judge Kimberly G. Altman. 20-AO-049. The parties ultimately cross-moved for summary judgment. ECF 13; 15. The magistrate judge issued a Report and Recommendation ("Report") and suggested the Court deny Plaintiff's motion and grant the Commissioner's motion. ECF 17. Plaintiff

1

timely objected to the Report and the Commissioner timely replied to the objections. ECF 18; 19. After examining the record and considering Plaintiff's objections de novo, the Court concludes that the objections do not have merit. Accordingly, the Court will adopt the Report's findings, deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action against the Commissioner. ECF 17, PgID 941–54. The Court will therefore adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When it reviews a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by

substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in her decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as [her] factual findings as a whole show that [s]he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Plaintiff filed three objections to the Report. The Court will address each objection in turn.

Plaintiff first objected that the ALJ improperly determined that Plaintiff did not meet either the B or the C criteria for certain impairments, and that the magistrate judge did not appropriately scrutinize the ALJ's determination. ECF 18, PgID 983. According to Plaintiff, the ALJ and magistrate judge both minimized "[P]laintiff's every day living difficulties" caused by the impairments. *Id.* Plaintiff offered a score on a Locus test administered by Plaintiff's therapist as evidence that Plaintiff met the C criteria for the impairments. *Id.* at 984. Yet, Plaintiff did not mention, let alone provide information about, the Locus test in the summary judgment briefing. *See generally* ECF 13. Courts have consistently held that "[i]ssues

raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) (collecting cases). The Court will therefore not consider the Locus test.

As to the other evidence Plaintiff offered, the evidence failed to show that the ALJ's determination was unsupported by substantial evidence in the record. *See Longworth*, 402 F.3d at 595. For the C criteria, Plaintiff needed to show "a 'serious and persistent' mental impairment." ECF 17, PgID 962 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04C). To make that showing, there must be evidence of both "relevant treatment that is ongoing and that diminishes the symptoms and signs of the impairment" as well as "marginal adjustment; that is, minimal capacity to adapt to changes in environment or to demands that are not already part of the claimant's daily life." *Id.* But the magistrate judge discussed how "the ALJ found that [Plaintiff] had no obvious difficulty interacting with others during the hearing, including communicating with the ALJ, cooperating, and following the hearing instructions." *Id.* at 959. The ALJ's factual determination about Plaintiff's conduct at the hearing, along with the other ALJ findings detailed in the Report, substantially support the ALJ's determination on marginal adjustment. *See id.*

For the B criteria, Plaintiff stated in conclusory fashion that Plaintiff met the criteria, but he did not explain exactly why. ECF 18, PgID 985 ("Plaintiff also meets the B criteria of the three listings."). The conclusory statement is too generalized, and "overly general objections do not satisfy an objecting party's obligation to specify the particular findings that are claimed to be in error and the discrete issues that the

4

party wishes to raise" when objecting to a Report and Recommendation. *Noto v. Comm'r of Soc. Sec.*, No. 13-12277, 2015 WL 630785, at *2 (E.D. Mich. Feb. 12, 2015) (Rosen, C.J.) (cleaned up) (citation omitted). As a result, Plaintiff's objection to the B criteria is deficient. The Court will therefore reject Plaintiff's objection to the B and C criteria findings.

Plaintiff next objected that the magistrate judge relied too heavily on Plaintiff's engagement in intermittent activities to determine that Plaintiff could perform activities in a work environment. ECF 18, PgID 985. While Plaintiff framed the objection as having to do with how the magistrate judge considered his intermittent activities, the objection is best characterized as a challenge to how the ALJ weighed the evidence in the record when the ALJ came to the unfavorable determination. *See id.* at 985–86 (characterizing Plaintiff's familial and other relationships in a different manner than the ALJ and magistrate judge). Although Plaintiff may disagree with the ALJ's characterization of the evidence in the record, a "reasonable mind might accept [the evidence] as adequate" to support the characterization. *Rogers*, 486 F.3d at 241; *see* ECF 17, PgID 964–65 ("[T]he ALJ noted [Plaintiff]'s various activities including assisting his friend with tasks, engaging in hobbies with his son, [] watching television[,]" and "engag[ing] in individual and group therapy."); *id.* at 959 (noting the ALJ's finding regarding Plaintiff's conduct at the hearing demonstrating no obvious difficulty communicating or cooperating). In sum, the ALJ's characterization of the evidence in the record was supported by substantial evidence,

and the Court will therefore reject Plaintiff's second objection. *See Rogers*, 486 F.3d at 241.

Finally, Plaintiff objected to the ALJ's treatment of the "opinion evidence" that was offered by Plaintiff's therapist. ECF 18, PgID 987–88. Plaintiff essentially argued that the ALJ weighed evidence in the record more heavily than the therapist's opinions about the condition of Plaintiff. *See id*. The magistrate judge detailed the extensive evidence that the ALJ considered to determine that the therapist's opinion was unpersuasive. ECF 17, PgID 976–77. For example, "the ALJ noted that the degree of limitations assigned by [the therapist] was counter to [Plaintiff]'s ability to live independently, take care of himself, and manage his own resources, as well as the mental ability [Plaintiff] has shown in being able to repair a car and build a shed." *Id*. at 976. The ALJ also observed that Plaintiff had a "conservative, outpatient mental health treatment, which is not consistent with multiple marked limitations," and that "there was no objective evidence of a head injury in the record, and [Plaintiff]'s brain MRI was normal." *Id*. Once again, a "reasonable mind might accept [the evidence considered by the ALJ] as adequate" to support finding the therapist's opinion unpersuasive. *See Rogers*, 486 F.3d at 241. Thus, the ALJ's determination that the therapist's opinion was unpersuasive was supported by substantial evidence, and the Court will therefore reject Plaintiff's third objection. *Id*.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, Plaintiff's objections, and the Commissioner's responses. The Court finds Plaintiff's objections

unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment. This is a final order that closes the case.

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that Plaintiff's Objections [18] are **OVERRULED.**

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [17] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [13] is **DENIED.**

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [15] is **GRANTED.**

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE.**

This is a final order that closes the case.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: September 23, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 23, 2021, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager